UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
──────────────────────────────────X

JAMES MITCHELL,
a/k/a Wamel Allah,

               Petitioner,

-against-

D. ROCK, Superintendent,

               Respondent.
──────────────────────────────────X

NOT FOR PUBLICATION
**ORDER**
09-CV-2858 (CBA)

AMON, United States District Judge:

On June 23, 2009, petitioner, proceeding *pro se*, filed this petition under 28 U.S.C. § 2254. This Court's September 10, 2009 Order transferred the petition to the United States Court of Appeals for the Second Circuit ("Second Circuit"). By Mandate issued November 10, 2009, the Second Circuit denied petitioner's request for an order authorizing this Court to consider a second or successive habeas petition as to both his original sentence and his December 2008 denial of parole. By Order dated January 5, 2010, the Court denied petitioner's request to reopen the action. On January 27, 2010, petitioner filed the instant motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b) challenging the January 5, 2010 Order. For the reasons set forth below, the motion is denied.

The relevant portion of Rule 60(b) provides that a court may relieve a party from a final judgment, order, or proceeding for any of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

A motion for reconsideration pursuant to Fed. R. Civ. P. 60(b) is addressed to the "sound discretion of the district court and. . . [is] generally granted only upon a showing of *exceptional*

circumstances." Mendell v. Gollust, 909 F.2d 724, 731 (2d Cir. 1990) (emphasis added), aff'd, 501 U.S. 115 (1991). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transportation, Inc., 70 F.3d 255, 257 (2d Cir. 1995).

Here, petitioner argues that pursuant to Rule 60(b)(1) he should be relieved from the Order denying his request to re-open his petition because of mistake, inadvertence, surprise, or excusable neglect. Specifically, petitioner argues that the Court[1] "overlooked the claims relative to his liberty interest constitutional arguments." (Motion at 2.) The Court has considered the arguments submitted by petitioner and finds that his motion does not point to any law or fact that was overlooked by the Court in declining to re-open the petition.

Accordingly, petitioner's motion to reconsider the Court's January 5, 2010 Order is DENIED. The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
February 5, 2010

/Signed by Judge Amon/
Carol Bagley Amon
United States District Judge

---

[1] Petitioner also attempts to challenge the decision of the Second Circuit by this motion, Motion at ¶¶ 2-3, 5 & n.1; this Court is clearly without the authority to do so.

2